IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GAYLE SHIELDS,

    Plaintiff,

v.

ALFRED PARHAM,

    Defendant.
_____/

No. C 09-01257 JSW

**ORDER DISMISSING COMPLAINT**

        On March 23, 2009, the Court received Plaintiff's letter in lieu of a complaint and an application to proceed *in forma pauperis*. On June 29, 2009, the Court issued an order denying the application the application to proceed *in forma pauperis* based on the finding that Plaintiff's claim of poverty was unconvincing. The Court also found that it was impossible to discern from Plaintiff's submission any of the essential details of the events that triggered the lawsuit or the legal theories under which she seeks relief. The Court found Plaintiff had failed to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8 of the Federal Rules of Civil Procedure.

        Accordingly, the Court dismissed the case, but granted Plaintiff leave to amend to file a complaint in compliance with Rule 8. The Court held that if Plaintiff wished to pursue this action, she must pay the court filing fee file and file an amended complaint by July 13, 2009. The Court admonished that failure to file a cognizable legal claim by this date would result in dismissal of this action with prejudice.

On July 14, 2009, the Court received a submission which the Court construes as an amended complaint, as well as the filing fee. Having reviewed the submission, the Court fails to find jurisdiction for this action in federal court.

Federal courts have limited jurisdiction. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: those cases involving diversity of citizenship, or a federal question, or those cases to which the United States is a party. *See, e.g.*, *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994). This Court has original subject matter jurisdiction in diversity cases where the matter in controversy exceeds the sum of $75,000 and is between citizens of different states. 28 U.S.C. § 1332. Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377.

Although it is still nearly impossible to discern the basis for suit, because the demand asserted by Plaintiff is $20,950, this Court lacks jurisdiction to hear the case on the merits. Therefore, the Court DISMISSES the case with prejudice. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July 28, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAYLE Y. SHIELDS,<br><br>        Plaintiff,<br><br>  v.<br><br>ALFRED O. PARHAM et al,<br><br>        Defendant. | Case Number: CV09-01257 JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 28, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gayle Y. Shields
9314 Vista Waters Lane
Las Vegas, NV 89178

Alfred O. Parham
261 Silverado Court
Oakland, CA 94605

Dated: July 28, 2009

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk